UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RODERICK WILLIAM LEAR,<br><br>Plaintiff,<br><br>v.<br><br>MARTIN BITER, et al.,<br><br>Defendants. | CASE NO. 1:15-cv-01903-MJS (PC)<br><br>**ORDER GRANTING DEFENDANTS'<br>MOTION TO MODIFY THE DISCOVERY<br>AND SCHEDULING ORDER**<br><br>(ECF NO. 44)<br><br>**JANUARY 22, 2018 DEADLINE** |

Plaintiff is a state prisoner proceeding pro se and in forma pauperis in this civil rights action brought pursuant to 42 U.S.C. § 1983. The matter proceeds on Plaintiff's Second Amended Complaint against Defendants Akanno and Palomino for medical indifference under the Eighth Amendment. (ECF No. 31.)

On August 22, 2017, this Court issued its Discovery and Scheduling Order ("DSO") setting November 22, 2017 as the deadline for filing motions for summary judgment alleging a failure to exhaust administrative remedies. (ECF No. 40.)

Defendants now move to modify the DSO to give them additional time to review recently received and voluminous medical appeals filed by Plaintiff, determine if a motion for summary judgment for failure to exhaust administrative remedies is appropriate, and, if so, prepare and file such a motion. (ECF No. 44.) As of the date of this Order, Plaintiff has filed no opposition, but his time for doing so has not yet expired. Normally, the Court

would delay addressing a motion until the opposing party had expressed his or her view. However, here, having considered the facts and circumstances giving rise to Defendant's motion and the lack of any perceived prejudice to Plaintiff if it is granted, the Court will proceed to address the motion at this time.

Under Federal Rule of Civil Procedure 16, a discovery and scheduling order controls the course of litigation unless the Court subsequently alters the original order. Fed R. Civ. P. 16(d). Modification of a scheduling order requires a showing of good cause, Fed. R. Civ. P. 16(b)(4), and good cause requires a showing of due diligence, Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 609 (9th Cir. 1992). To establish good cause, the party seeking the modification of a scheduling order must generally show that even with the exercise of due diligence, they cannot meet the requirement of that order. Id. If the party seeking to amend the scheduling order fails to show due diligence the inquiry should end and the court should not grant the motion to modify. Zivkovic v. Southern California Edison, Co., 302 F.3d 1080, 1087 (9th Cir. 2002).

"Good cause may be found to exist where the moving party shows that it diligently assisted the court with creating a workable scheduling order, that it is unable to comply with the scheduling order's deadlines due to matters that could not have reasonably been foreseen at the time of the issuance of the scheduling order, and that it was diligent in seeking an amendment once it became apparent that the party could not comply with the scheduling order." Kuschner Nationwide Credit, Inc., 256 F.R.D. 684, 687 (E.D. Cal. 2009).

Defendants' motion meets the above criteria and will be granted.

Defendants have demonstrated diligence. They initiated discovery August 28, 2017, six days after the DSO was issued. In September and October they sought and received some one hundred pages of information regarding Plaintiff's medical appeals. (ECF No. 44 at 2.) On October 11, 2017, they initiated communications with Plaintiff regarding perceived inadequacies in Plaintiff's discovery response. Id. Then, on November 9, 2017, Defendants received an additional one hundred or so pages of

2

medical appeal material. They promptly filed this motion seeking additional time to review the new material, determine if a motion for summary judgment for failure to exhaust administrative remedies was called for, and if so, prepare the motion. Id. The request to modify was filed before the deadline to be extended. (ECF No. 40.)

Defendants have shown good cause and diligence. There is no reason to believe Plaintiff will be prejudiced by granting Defendant's motion.

Considering the foregoing, IT IS HEREBY ORDERED that Defendants' November 16, 2017 motion to modify the DSO (ECF No. 44) is GRANTED. Defendants' deadline to submit a motion for summary judgment for failure to exhaust administrative remedies is extended to January 22, 2018.

IT IS SO ORDERED.

Dated: November 28, 2017     /s/ *Michael J. Seng*
                             UNITED STATES MAGISTRATE JUDGE