UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RODERICK WILLIAM LEAR,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>MARTIN BITER, et al.,<br><br>　　　　Defendants. | CASE NO. 1:15-cv-01903-DAD-MJS (PC)<br><br>**ORDER GRANTING PLAINTIFF'S MOTION FOR AN EXTENSION OF TIME TO RESPOND TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**<br><br>**FINDINGS AND RECOMMENDATION TO DENY PLAINTIFF'S MOTION FOR COURT TO REQUEST PELICAN BAY STATE PRISON TO ISSUE PLAINTIFF HIS DISCOVERY MATERIAL AND LEGAL PROPERTY**<br><br>(ECF NO. 52)<br><br>**FORTY-FIVE (45) DAY DEADLINE TO FILE OPPOSITION TO MOTION FOR SUMMARY JUDGMENT**<br><br>**FOURTEEN (14) DAY DEADLINE TO FILE OBJECTIONS TO FINDINGS AND RECOMMENDATION**<br><br>**CLERK TO SERVE COPY OF THIS ORDER ON LITIGATION COORDINATOR** |

　　Plaintiff is a state prisoner proceeding pro se and in forma pauperis in this civil rights action brought pursuant to 42 U.S.C. § 1983. The matter proceeds on Plaintiff's Second Amended Complaint against Defendants Akanno and Palomino for medical indifference under the Eighth Amendment. (ECF No. 31.)

　　Before the Court is Plaintiff's February 20, 2018 motion (ECF No. 52.) requesting additional time to file an opposition to the Defendants' motion for summary judgment

1 | (ECF No. 51) and asking the Court to request Pelican Bay State Prison to issue Plaintiff's discovery material and legal files.

## I. Extension of time.

Plaintiff seeks an extension of time of time to file a response to Defendants' motion for summary judgment. Plaintiff states that he has not been able to access his legal files because he has been housed in the prison infirmary.

Good cause having been presented, Plaintiff's motion will be granted and Plaintiff will be afforded forty-five days from the date of service of this order to file an opposition to Defendants' motion for summary judgment.

## II. Access to Legal Files

Plaintiff also states that he is unable to respond to Defendants' motion for summary judgment because he has not had access his legal files or discovery materials while housed (as he is currently) at Pelican Bay State Prison infirmary. He seeks Court assistance in obtaining these files, impliedly requesting injunctive relief in the form of a court order.

Federal courts are courts of limited jurisdiction. The pendency of this action does not give the Court jurisdiction over prison officials in general or enable it to provide relief that is not the subject of the operative complaint. Summers v. Earth Island Institute, 555 U.S. 488, 492-93 (2009); Mayfield v. United States, 599 F.3d 964, 969 (9th Cir. 2010). The Court's jurisdiction is limited to the parties in this action and to the cognizable legal claims upon which the action proceeds. Summers, 555 U.S. at 491-93; Mayfield, 599 F.3d at 969. A court should not issue an injunction when the relief sought is not of the same character as that sought in the underlying action and the injunction deals with a matter lying wholly outside the issues in the underlying action. De Beers Consol. Mines v. U.S., 325 U.S. 212, 220 (1945). Moreover, while "[a] federal court may issue an injunction if it has personal jurisdiction over the parties and subject matter jurisdiction over the claim; *it may not attempt to determine the rights of persons not before the court.*" Zepeda v. United States Immigration Serv., 753 F.2d 719, 727 (9th Cir. 1985) (emphasis added).

Here, the individuals in charge of Plaintiff's legal files and discovery materials are not before the court. The Court does not have jurisdiction to order prison officials at Pelican Bay State Prison to act.

Additionally, access to Plaintiff's legal files is not an issue in the underlying action which challenges Plaintiff's medical treatment at Kern Valley State Prison.

Therefore, to the extent that Plaintiff is requesting injunctive relief, the Court will recommend his motion be denied.

Nevertheless, the Court is cognizant that Plaintiff's ability to access his records may impact his ability to timely and effectively litigate this action. Accordingly, the Court will, by way of this order, request the assistance of the Litigation Coordinator at Plaintiff's institution, Pelican Bay State Prison, in ensuring that Plaintiff is afforded adequate opportunities to access his files, to the extent doing so is consistent with institutional order and security. See Whitley v. Albers, 475 U.S. 312, 321-322 (1986) (quoting Bell v. Wolfish, 441 U.S. 520, 547 (1970)). The Clerk's Office will be directed to serve a copy of this order on the Litigation Coordinator at Pelican Bay State Prison.

### III. Conclusion, Order, and Recommendation

Considering the foregoing, Plaintiff's request for an extension of time to file an opposition to the motion for summary judgment is HEREBY GRANTED. Plaintiff shall file an opposition to the motion for summary judgment within forty-five days of the date of service of this order.

Additionally, it is HEREBY RECOMMENDED that Plaintiff's request for court assistance accessing his legal files, to the extent it is construed as a motion for injunctive relief, be DENIED. **However, the Clerk of Court is directed to serve a copy of this order on the Litigation Coordinator at Pelican Bay State Prison.**

The findings and recommendation will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1). Within fourteen (14) days after being served with the findings and recommendation, the parties may file written objections with the Court. The document should be captioned

1 | "Objections to Magistrate Judge's Findings and Recommendation." A party may respond to another party's objections by filing a response within fourteen (14) days after being served with a copy of that party's objections. The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: March 9, 2018        /s/ *Michael J. Seng*
                            UNITED STATES MAGISTRATE JUDGE