1

2

3

4

5

6

7                           UNITED STATES DISTRICT COURT

8                      FOR THE EASTERN DISTRICT OF CALIFORNIA

9   RODERICK WILLIAM LEAR,              Case No. 1:15-cv-01903-DAD-JDP

10                Plaintiff,            ORDER GRANTING IN PART AND
                                        DENYING IN PART PLAINTIFF'S
11          v.                          MOTIONS FOR LEAVE TO AMEND
                                        OPPOSITION TO SUMMARY JUDGMENT
12  JOHNATHAN AKANNO and                ON EXHAUSTION, FOR EXTENSIONS,
    JENNIFER PALOMINO,                  FOR SANCTIONS, FOR LEAVE TO
13                                      SUBMIT DOCUMENTS, AND FOR
                  Defendants.           APPOINTMENT OF COUNSEL
14
                                        (Doc. Nos. 48, 54, 64, 66)
15

16          On January 22, 2018, defendants Johnathan Akanno and Jennifer Palomino moved for

17  summary judgment, arguing that plaintiff Roderick William Lear has failed to exhaust his

18  administrative remedies.  (Doc. No. 51.)  As of April 20, 2018, the parties had fully briefed

19  defendants' motion.  Plaintiff now moves for a variety of relief: (1) leave to amend his

20  opposition to defendants' motion for summary judgment on exhaustion; (2) an extension of time

21  to oppose the motion for summary judgment on exhaustion; (3) leave to submit documents to

22  show that he exhausted his administrative remedies; (4) an extension of the discovery schedule;

23  (5) a temporary restraining order precluding the California Department of Corrections and

24  Rehabilitation ("CDCR") from confiscating his legal materials; (6) an order sanctioning

25  defendants for denying that he exhausted his administrative remedies; and (7) appointment of

26  counsel.  (Doc. Nos. 48, 54, 64, 66.)[1]  The court will grant plaintiff's first three requests and

27  _____

28  [1] Although the clerk of court labeled plaintiff's May 9, 2018 motion as, *inter alia*, a motion to
    amend the complaint, plaintiff is seeking to amend not his complaint but rather his opposition to

deny his fourth, sixth, and seventh requests. The court will address plaintiff's fifth request—his request for a temporary restraining order—in findings and recommendations, which will appear in a separate docket entry. *See* 28 U.S.C. § 636(b)(1)(A).

**I.  Plaintiff's request for leave to amend his opposition to defendants' motion, for an extension of time to file an opposition, for leave to submit documents related to exhaustion, and for an extension of the discovery schedule**

Plaintiff indicates that he did not understand the procedure for opposing defendants' motion for summary judgment. He also indicates that he suffers from mental illness that has led to attempted suicide and mental-crisis treatment. (Doc. No. 64, at 1-2.) Considering these claims, the court will allow plaintiff to amend his opposition to defendants' motion for summary judgment on exhaustion.

In his amended opposition, plaintiff must address the defects in his original opposition that are highlighted by defendants. In particular, he must submit evidence to support his factual claims. Plaintiff can do this by submitting a declaration, which can be his own statement—under penalty of perjury—explaining what happened. If plaintiff chooses to submit such a declaration, he may not rely on conclusory statements, and he must provide details of the circumstances surrounding his institutional grievance; he must state, at a minimum, the date he submitted his grievance, whether prison officials denied his grievance, whether he appealed the denied grievance, and the date on which he appealed. Plaintiff must submit his amended opposition and evidence to support his version of facts by the deadline set forth below. Defendants need not file a reply to plaintiff's amended opposition unless later ordered to do so by the court.

Plaintiff states that he has made copies of his "exhausted appeals" and asks for leave to submit those copies to the court. (Doc. No. 48, at 1.) Plaintiff's request to submit those documents is granted.

Plaintiff also asks for an extension of the discovery schedule as part of his request for an extension of time to respond to the summary judgment motion on exhaustion. (Doc. No. 54, at 1.) Plaintiff can withstand summary judgment on exhaustion by telling his side of the story in defendants' summary judgment motion on exhaustion.

a declaration, without discovery, as outlined above. Plaintiff's request for an extension of the discovery schedule is therefore denied.

The current deadline for filing summary judgment motions on the merits is July 2, 2018. (Doc. No. 40, at 1, 3.) Because the court will extend plaintiff's deadline for opposing the summary judgment motion on exhaustion, the court will also extend the deadline for dispositive motions on the merits.

Shortly before issuance of this order, defendants moved to vacate the scheduled deadline for dispositive motions. (Doc. No. 67.) Because the court will extend the dispositive-motions deadline, the court will deny as moot defendants' motion to vacate the prior deadline.

## II. Plaintiff's request for a temporary restraining order

In his motion for leave to amend his opposition to the motion for summary judgment on exhaustion, plaintiff seeks an order restraining CDCR from confiscating his legal materials. (Doc. No. 64, at 2.)[2] The undersigned will discuss this request in findings and recommendations, which will appear in a separate docket entry and which will be reviewed by the district judge. *See* 28 U.S.C. § 636(b)(1)(A).

## III. Plaintiff's request that the court sanction defendants for denying that plaintiff exhausted his claims

Plaintiff asks the court to impose sanctions on defendants for denying that he has exhausted his claims. (Doc. No. 48, at 1.) Although plaintiff contends that defendants know that he has exhausted his administrative remedies (*id.*), he has not provided evidence supporting this claim. Plaintiff's request for sanctions is denied.

## IV. Plaintiff's request for appointment of counsel

A pro se litigant has no right to counsel in a civil action, *see Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009), and a district court may only "request," not appoint, an attorney to represent a pro se litigant who cannot afford an attorney, *see* 28 U.S.C. § 1915(e)(1). A district

---

[2] Plaintiff's motion for a temporary restraining order closely resembles a motion that he filed earlier in this case, which the court denied. (*See* Doc. Nos. 53, 65.) Plaintiff's new motion differs from his prior motion only in that it asks that CDCR, not the Pelican Bay State Prison infirmary, be enjoined.

court's ability to recruit counsel is further limited by the fact that the court can offer counsel no compensation. Given the court's limited ability to recruit counsel, judges in this district—where there are four federal and nineteen state prisons—find themselves in the unenviable position of having to select a small number of parties to receive counsel from an enormous pool of pro se litigants.

Accordingly, and in keeping with Ninth Circuit precedent, this court will seek counsel for pro se civil litigants only under "exceptional circumstances." *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009). To decide whether a case presents exceptional circumstances, the court considers two factors: (1) whether the pro se litigant has a "likelihood of success on the merits"; and (2) whether the pro se litigant can "articulate his claims in light of the complexity of the legal issues involved." *Cano v. Taylor*, 739 F.3d 1214, 1218 (9th Cir. 2014). Neither factor is dispositive, and the district court must consider both factors cumulatively. *Id.* Weighing the factors is a matter committed to the court's discretion, *see id.*, and no bright-line rule dictates how the court should carry out this task. Unfortunately, the court cannot find counsel for every prisoner who suffers from serious mental illness.[3]

At this time, the court will decline to assist plaintiff with recruiting counsel. Plaintiff has provided no support for his claim that he is likely to succeed on the merits on his claims, and so the first factor weighs against assisting in recruiting counsel. *See id.* at 1219 (concluding that pro se litigant has not shown likelihood of success on the merits where he presented no evidence in support of his claims at summary judgment). The court expresses no opinion whether plaintiff is likely to succeed on the merits.

As for the second factor—whether plaintiff can articulate his claims—the undersigned has, *sua sponte*, considered plaintiff's mental illness. Plaintiff does not specify what mental

---

[3] *See, e.g.*, *McAllister v. Penzone*, No. 17-cv-2884, 2017 WL 6884001, at *1 (D. Ariz. Sept. 28, 2017) (declining to assist in recruiting counsel despite plaintiff's paranoid schizophrenia and bipolar disorder); *Rios v. Paramo*, No. 14-cv-1073, 2016 WL 4248624, at *3 (S.D. Cal. Aug. 11, 2016) (learning disabilities); *Neumann v. Veal*, No. 06-cv-2874, 2008 WL 2705549, at *3 (E.D. Cal. July 10, 2008) (post-traumatic stress disorder); *see also Farley v. Kernan*, No. 16-cv-188, 2017 WL 412259, at *1 (S.D. Cal. Jan. 31, 2017) (denying appointment of counsel in habeas context despite petitioner's "suicidal ideation" and "psychotic features").

illness affects him, but the court understands that he is alleging that he suffers from a serious condition. (*See* Doc. No. 64, at 1.) In evaluating plaintiff's situation, the undersigned has considered plaintiff's submissions both in this case and in other cases that plaintiff has litigated. *See Lear v. Avila*, No. 17-cv-326 (E.D. Cal. filed Jan 17, 2017); *Lear v. Manasrah*, No. 17-cv-71 (E.D. Cal. filed Jan 17, 2017); *Lear v. Leftler*, No. 13-cv-882 (E.D. Cal. filed June 12, 2013). From the filings that the court has reviewed, it does not appear that plaintiff has unusual difficulty articulating his claims.

  For these reasons, the court will deny plaintiff's motion for assistance in recruiting counsel. This order is without prejudice; plaintiff may renew his motion later in the case. He may also seek to recruit counsel on his own. If plaintiff decides to renew his motion, he should explain why he is likely to succeed on the merits of his case. He should also identify his mental illness, the impacts of that illness on his ability to articulate his claims, his educational level, his litigation experience, and any other information that would help the court assess his ability to articulate his claims. The court will read any such motion from plaintiff generously.

**V.** **Order**

1. Plaintiff Roderick William Lear's motion for leave to submit exhausted appeals to the court and for sanctions on defendants Johnathan Akanno and Jennifer Palomino for denying that plaintiff exhausted his claims (Doc. No. 48) is granted in part and denied in part:

  i. Plaintiff's request for leave to submit to the court documents related to his exhausted appeals is granted.

  ii. Plaintiff's request for sanctions on defendants is denied.

2. Plaintiff's motion for an extension of time to oppose defendants' motion for summary judgment on exhaustion and an extension of the discovery schedule (Doc. No. 54) is granted in part and denied in part:

  i. Plaintiff's request for an extension of time to oppose defendants' motion for summary judgment on exhaustion is granted.

  ii. Plaintiff's request for an extension of the discovery schedule is denied.

3. Plaintiff's motion for leave to amend his opposition to defendants' motion for summary judgment on exhaustion, a temporary restraining order, an extension of time, and assistance in recruiting counsel (Doc. No. 64) is granted in part and denied in part:

    i. Plaintiff's request for leave to amend his opposition to defendants' motion for summary judgment on exhaustion is granted.

    ii. Plaintiff's request for an extension of time to oppose defendants' motion for summary judgment on exhaustion is granted.

    iii. Plaintiff's request for assistance in recruiting counsel is denied without prejudice.

    iv. The court will address plaintiff's request for a temporary restraining order in a separate docket entry.

4. Plaintiff's motion for an extension of time to oppose defendants' motion for summary judgment on exhaustion (Doc. No. 66) is granted.

5. Defendants' motion to vacate the deadline for dispositive motions (Doc. No. 67) is denied as moot.

6. Plaintiff's new deadline for opposing defendants' motion for summary judgment on exhaustion is Monday, July 16, 2018.

7. The parties' new deadline for filing any motion for summary judgment on the merits is Monday, September 3, 2018.

IT IS SO ORDERED.

Dated:   June 27, 2018        /s/ *Jeremy D. Peterson*

                             UNITED STATES MAGISTRATE JUDGE