| | |
|---|---|
| UNITED STATES DISTRICT COURT | |
| FOR THE EASTERN DISTRICT OF CALIFORNIA | |

| | |
|---|---|
| RODERICK WILLIAM LEAR,<br><br>Plaintiff,<br><br>v.<br><br>JOHNATHAN AKANNO and<br>JENNIFER PALOMINO,<br><br>Defendants. | Case No. 1:15-cv-01903-DAD-JDP<br><br>ORDER REQUIRING PARTIES TO SUBMIT PROPOSED SCHEDULING ORDER<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR COPY OF LOCAL RULES<br><br>ECF No. 83 |

Plaintiff Roderick William Lear, a state prisoner represented by counsel, proceeds in this civil rights action brought under 42 U.S.C. § 1983. The parties have not settled this case, so this case will proceed toward trial. We will require plaintiff's counsel attorney Jack Duran, Jr.—who is currently representing plaintiff for the limited purposes of settlement—to inform the court, by the deadline set forth below, whether he agrees to represent plaintiff at trial.

The court will issue a new scheduling order setting the dates for trial and the deadlines for trial submissions. We will allow additional discovery before trial, given plaintiff's past difficulties with discovery, as previously discussed. *See* ECF No. 76 at 14. If appropriate, we will also allow plaintiff to amend his complaint. The parties must file proposed scheduling orders by the deadline set forth below. If possible, the parties should confer and attempt to file one jointly-proposed scheduling order. By the same deadline, either side may oppose any amendment of the complaint or additional discovery. The proposed scheduling order need not include the

1

trial date and the deadlines for trial-related submissions, but the proposed order must include proposed discovery deadlines. After reviewing the parties' submissions, the court will consider holding a telephonic status conference to discuss the scope of discovery and the court's potential reimbursement of discovery costs for plaintiff. After considering the parties' submissions and this court's calendar, the court will issue a new scheduling order that includes all pertinent dates, including the trial date. If the parties agree that this case is ready for immediate trial, this case will proceed to trial without discovery.

Plaintiff has filed a pro se motion for a copy of this court's Local Rule 270, which governs settlement conferences. ECF No. 83. After the filing of this motion, the court recruited counsel who assisted plaintiff with settlement. Because plaintiff had the benefit of representation, plaintiff's motion for a copy of the Local Rule is moot. We will deny plaintiff's motion.

**Order**

1. By Wednesday, August 14, 2019, plaintiff's counsel Jack Duran, Jr. must inform the court whether he will represent plaintiff at trial.
2. By Wednesday, August 28, 2019, each party must file a proposed scheduling order consistent with this order.
3. Plaintiff's motion for a copy of Local Rule 270, ECF No. 83, is denied.

IT IS SO ORDERED.

Dated: August 2, 2019

UNITED STATES MAGISTRATE JUDGE